IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARGARET JEFFRIES, as Parent and  \*
Guardian of J.J.J., a minor child  \*
                                   \*
       v.                          \*   Civil Case No. JKB-15-1727
                                   \*
COMMISSIONER, SOCIAL SECURITY      \*
                                   \*
                           \*\*\*\*\*\*\*\*\*\*\*\*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' motions for summary judgment. [ECF Nos. 12, 17]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that Ms. Jeffries's motion be denied and the Commissioner's motion be granted.

Ms. Jeffries applied for Children's Supplemental Security Income ("SSI") on behalf of her minor child, J.J.J., on September 11, 2012, alleging a disability onset date of May 7, 2004. (Tr. 148-53). Her application was denied initially and on reconsideration. (Tr. 71-74, 80-81). After a hearing on September 18, 2014, an Administrative Law Judge ("ALJ") issued an opinion denying benefits. (Tr. 8-38, 39-60). The Appeals Council denied review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1-5).

The ALJ evaluated Ms. Jeffries's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Jeffries's claim. At step one, the ALJ found that J.J.J. had not engaged in any substantial gainful activity since the application date. (Tr. 14). At step two, the ALJ found that J.J.J. suffered from the severe impairments of congenital heart disease, speech and language impairment, and immune deficiency disorder. *Id.* At step three, however, the ALJ found that J.J.J. did not have an impairment or combination of impairments that met any listing. *Id.* Additionally, the ALJ determined that J.J.J. did not have an impairment or combination of impairments that would be functionally equivalent to any listing. (Tr. 14-30). Therefore, the ALJ determined that J.J.J. was not disabled for purposes of Children's SSI benefits. (Tr. 30).

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Jeffries's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence.

Ms. Jeffries's argument is a procedural one. She contends, quite correctly, that the law requires an ALJ to make an express assignment of weight to each opinion from a medical source. *See* S.S.R. 96-2p. In this case, the ALJ did not make an express assignment of weight to the residual functional capacity questionnaires filled out by J.J.J.'s treating pulmonologist, Dr. Sotomayor (Tr. 729-32) and evaluating psychologist, Dr. Orth. (Tr. 909-911).[1]

---

[1] Ms. Jeffries also contends that the ALJ failed to make an assignment of weight to an opinion from J.J.J.'s treating cardiologist, Dr. Rhodes. Pl. Mot. at 8. However, the letter from Dr. Rhodes is best characterized as treatment notes

Although the failure to make express assignments of weight constitutes error, the error is harmless in this case because appellate review is not thwarted. The ALJ expressly considered both Dr. Sotomayor's and Dr. Orth's written opinions in considering J.J.J.'s limitations in each functional area.[2]  (Tr. 23, 27, 28). Nothing in those opinions suggests an outcome different from the conclusions reached by the ALJ with respect to the finding that J.J.J. suffers "marked" limitation in the area of health and physical well-being. (Tr. 25-29). In fact, it is clear that the ALJ relied on both Dr. Sotomayor's and Dr. Orth's opinions in reaching that conclusion. As a pulmonologist, Dr. Sotomayor's opinion is relevant only as to the "health and physical well being" domain.

The only potential discrepancy between the opinion of Dr. Orth and the ALJ's conclusion is that Dr. Orth found that J.J.J. displayed symptoms of "social withdrawal or isolation," constant avoidance of interpersonal activities, and constant failure to initiate social contact. (Tr. 911). However, Dr. Orth also concluded that J.J.J. would never miss school as a result of his limitations. (Tr. 910). Dr. Orth was an examining, not a treating, physician. Moreover, the ALJ cited to other evidence to support his conclusion that J.J.J. had no limitation in social functioning, particularly the opinion of J.J.J.'s third grade teacher, who believed J.J.J. had no problems interacting and relating with others, other than some difficulties with articulation that did "not impact the ability to be intelligible." (Tr. 21, 216-17). Ultimately, even if the ALJ credited Dr. Orth's opinion over the other evidence, it would not warrant a finding of "marked"

---

addressed to another physician, and not an opinion regarding J.J.J.'s eligibility for benefits. (Tr. 753-54). Accordingly, I find no error in the ALJ's express consideration of Dr. Rhodes's letter, which did not include an assignment of weight. (Tr. 23).

[2] I note that Dr. Sotomayor provided her opinion on a standard form designed to describe the abilities and limitations of adult disability claimants. Given the significant differences between the child and adult disability determination frameworks, many of Dr. Sotomayor's statement do not directly or easily translate to a discussion of whether J.J.J.'s impairments medically equal any of the childhood SSI listings.

limitation in the area of social functioning.  In the absence of a marked limitation, the ALJ's determination of "no disability" would remain unchanged.

Notably, Ms. Jeffries does not suggest that an express assignment of weight to the opinions from Drs. Sotomayor and Orth would change the outcome of the case.  I note that the Fourth Circuit has declined to find harmless error where an error or omission precludes meaningful review.  *See Mascio v. Colvin*, 780 F.3d 632, 636-37 (4th Cir. 2015) ("[T]he ALJ has determined what functions he believes [the claimant] can perform, but his opinion is sorely lacking in the analysis needed for us to review meaningfully those conclusions."); *Fox v. Colvin*, 632 Fed. Appx. 750, 756 (4th Cir. 2015) ("Once more, we are confronted with whether we can give meaningful review to the ALJ's decision.").  However, I find that the ALJ's failure to assign weight to the opinions of Drs. Sotomayor and Orth does not preclude meaningful review for the reasons discussed above.  In light of the purely procedural argument and the harmless nature of the error, I do not recommend remand.[3]

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Plaintiff's Motion for Summary Judgment, [ECF No. 12]; GRANT Defendant's Motion for Summary Judgment, [ECF No. 17]; AFFIRM the decision of the Commissioner pursuant to 42 U.S.C. § 405(g); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

---

[3] Ms. Jeffries also contends that the ALJ's assignments of weight to the opinions of the non-examining State agency physicians were unsupported.  Pl. Mot. at 9.  Clearly, additional justification would have been helpful, but the ALJ explained that he credited the opinion of the physician which was more favorable to Ms. Jeffries's position, in order to afford her the benefit of the doubt.  (Tr. 29).  That explanation is adequate for purposes of this motion, particularly since even if the ALJ did not adequately justify that position, it inured to Ms. Jeffries's benefit.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  June 7, 2016                                    /s/
                                              Stephanie A. Gallagher
                                              United States Magistrate Judge